UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------------------X

DARREN BROWN,

                                         Plaintiff,

                    -against-

THE CITY OF NEW YORK,
CORRECTIONS CAPTAIN FREDERICKS (F/N/U),
CORRECTIONS OFFICER FUENTAS (F/N/U), and
JOHN DOES 1-10

                                    Defendants.

-------------------------------------------------------------------------------------------X

**COMPLAINT**

**JURY TRIAL
DEMANDED**

Plaintiff, DARREN BROWN, by and through his attorneys, **THE LAW OFFICES OF MICHAEL S. LAMONSOFF, PLLC,** as and for his Complaint, respectfully alleges, upon information and belief:

## PRELIMINARY STATEMENT

1. Plaintiff brings this action for compensatory damages, punitive damages and attorney's fees pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988 for violations of his civil rights, as said rights are secured by said statutes and the Constitution of the United States of America.

## JURISDICTION

2. This action is brought pursuant to 42 U.S.C. § 1983 and 42 U.S.C. § 1988, and the Fourth and Fourteenth Amendments to the United States Constitution.

3. Jurisdiction is founded upon 28 U.S.C. §§ 1331, 1343, and 1367.

## VENUE

4. Venue is properly laid in the Southern District of New York under U.S.C. § 1391(b), in that a substantial part of the events giving rise to the claim occurred in New York County, in the

State of New York.

## JURY DEMAND

5.  Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38(b).

## PARTIES

6.  Plaintiff, DARREN BROWN, is, currently a resident of the State of New York.

7.  At the time of this incident, Plaintiff was detained at the Anna M. Kross Center ("AMKC") at Rikers Island Correctional Facility and was awaiting sentencing on criminal charges unrelated to the incident which is the subject of this Complaint.

8.  At all relevant times hereinafter mentioned, defendant, City of New York ("New York City"), was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York and acts by and through its agencies, employees and agents, including, but not limited to, the New York City Police Department ("NYPD"), and their employees.

9.  At all relevant times hereinafter mentioned, defendant, CORRECTIONS CAPTAIN FREDERICKS (F/N/U), and CORRECTIONS OFFICER FUENTAS (F/N/U), was an individual employed by the City of New York as a member of the NEW YORK CITY DEPARTMENT OF CORRECTION ("NYCDOC").

10. At all times hereinafter mentioned CORRECTIONS CAPTAIN FREDERICKS (F/N/U), and CORRECTIONS OFFICER FUENTAS (F/N/U) were assigned to the Anna M. Kross Center of Rikers Island Correctional Facility.  Defendants Fredericks and Fuentas are sued herein in their official and individual capacities.

2

11. At all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State or CITY OF NEW YORK.

12. Each and all of the acts of the defendants alleged herein were done by said defendants while acting within the scope of their employment by defendant, THE CITY OF NEW YORK.

13. Each and all of the acts of the defendants alleged herein were done by said defendants while acting in furtherance of their employment by defendant, THE CITY OF NEW YORK.

**FACTS**

14. On February 2, 2015 ("date of the incident"), at approximately 11:00 a.m., plaintiff, DARREN BROWN, was present inside of the Anna M. Kross Center (AMKC) at Rikers Island Correctional facility, a detention center owned and operated by the City of New York and the New York City Department of Correction.

15. Mr. Brown was detained at AMKC, awaiting sentencing on a criminal charge.

16. At this time, Mr. Brown was present inside of his dormitory-type housing cell when he was approached by the individual defendants, who were on duty.

17. Plaintiff was not engaged in any illegal, suspicious, or violent behavior.

18. Despite the absence of any evidence of wrongdoing on the part of the Plaintiff, Defendants Frederick and Fuentas approached the Plaintiff and began violently and forcefully punching him on his face, head, and body.

19. The Doe Defendants eventually joined into the vicious beating, continuing to strike the Mr. Brown on his face head and body.

20. The Defendants also sprayed the Plaintiff with mace at this time without any justification.

21. The Defendants then dragged the Mr. Brown into the "C.O. bubble" and continued to beat him.

22. Other inmates who witnessed the Defendants beating the Plaintiff entered the "C.O. bubble" in an effort to help the Plaintiff.

23. In response, the Defendants stopped beating the Plaintiff and allowed the inmates to take Plaintiff out of the bubble and to rinse his eyes.

24. Shortly thereafter, the Plaintiff was approached by other corrections officers who offered to move him to safety.

25. The Plaintiff agreed to be handcuffed and to be transported peacefully.

26. However, upon being handcuffed, Plaintiff was attacked again by Defendants Fredericks and Fuentas, and the Doe Defendants, including members of the heavily armored probe unit.

27. These Defendants once again began hitting Mr. Brown, punching him in the head, and hitting him with sticks in the head, ribs, and arms.

28. As a result of the violent assault, Mr. Brown fell to the ground where the Defendants continued to kick him in the mouth, head, ear, nose, ribs, and body.

29. As a result of this vicious beating, Mr. Brown was severely injured and visibly bleeding.

30. Mr. Brown was eventually taken to the intake area of AMKC where he was detained for several hours before he was finally provided with medical attention.

31. As a result of the beating Mr. Brown sustained and the injuries he suffered, Mr. Brown required medical attention and was taken to Elmhurst Hospital.

32. At Elmhurst Hospital, Mr. Brown was diagnosed with several injuries related to this brutal assault, including a depressed left orbital floor fracture with herniation of contents.

33. Mr. Brown was also diagnosed with hearing loss as a result of the assault and beating described herein.

34. Following the assault, Mr. Brown was moved from AMCK and was placed in solitary confinement in another facility for several months.

35. The Defendants commenced an administrative disciplinary proceeding against Mr. Brown, wherein they provided false allegations to other corrections officers.

36. The false allegations provided by the Defendants caused Plaintiff to be unnecessarily and improperly placed in solitary confinement and to undergo disciplinary proceedings based on false charges.

37. These charges were made on the basis of false allegations sworn to by each of the Defendants.

38. Each of the named individual Defendants provided these false statements knowing that there was no basis to support these allegations.

39. These and other allegations, information, and evidence, were false and the defendants knew them to be false when they made them.

40. The Plaintiff was eventually informed that the disciplinary charges against him had been dismissed.

41. The decision to provide false statements and false evidence in the form of statements was objectively unreasonable.

42. At no time did there exist sufficient cause to assault plaintiff or to subject him to excessive force, nor could the Defendants have reasonably believed that such cause existed.

43. The factual allegations and testimony sworn to by each of the Defendants were materially false and deliberately made to justify the illegal, continued arrest and confinement of plaintiff.

44. At no time did defendants take any steps to intervene in, prevent, or otherwise limit the heretofore misconduct engaged in against plaintiff.

45. The individual defendants intentionally and deliberately gave false statements and/or failed to file accurate or corrective statements, or otherwise failed to report the conduct of the defendants who engaged in the misconduct described herein as required.

46. That at all times relevant herein, the defendants were on duty and acting within the scope of their employment, and their acts were done in furtherance of the City of New York's interests and without legal justification or excuse.

**FIRST CAUSE OF ACTION**
**FOR VIOLATION OF CIVIL RIGHTS**
**AGAINST THE INDIVIDUAL DEFENDANTS**
**PURSUANT TO 42 U.S.C. SECTION 1983**

47. Plaintiff DARREN BROWN repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

48. Plaintiff repeats the allegations contained in each of the foregoing paragraphs as though stated fully herein.

49. At no time did defendants have any legal basis for subjecting Mr. Brown to excessive force, or commencing an administrative disciplinary process, nor was there any reasonable basis to believe said conduct set forth herein was lawful, reasonable, or otherwise appropriate.

50. Defendants willfully and intentionally seized and assaulted the plaintiff without probable cause and without a reasonable basis to believe such cause existed.

6

51. Defendants misrepresented and falsified evidence before the disciplinary entity convened to oversee and adjudicate Mr. Brown's false disciplinary charges.

52. Defendants did not make a complete and full statement of facts to this disciplinary entity.

53. Defendants withheld exculpatory evidence from the disciplinary entity.

54. Defendants were directly and actively involved in the initiation of the disciplinary proceedings against plaintiff.

55. Defendants lacked any basis to initiate criminal proceedings against plaintiff.

56. Defendants acted with malice in assaulting the Plaintiff, commencing disciplinary proceedings against him, and placing him in solitary confinement.

57. Defendants were directly and actively involved in the continuation of the disciplinary proceedings against plaintiff.

58. Defendants lacked any basis to continue disciplinary proceedings against plaintiff.

59. Defendants misrepresented and falsified evidence throughout all phases of the disciplinary proceedings.

60. Notwithstanding the perjurious and fraudulent conduct of defendants, the disciplinary proceedings were terminated in plaintiff's favor when the charges against him were dismissed.

61. By so doing, the individual defendants, individually and collectively, subjected plaintiff to excessive force, malicious use and abuse of process, unlawful searches of person and property, fabrication of evidence, and denial of due process, and thereby violated, conspired to violate, and aided and abetted in the violation of Plaintiff's rights under the Fourth and Fourteenth Amendments of the United States Constitution.

62. The Defendants are also liable to Mr. Brown for their failure to intervene on his behalf when they observed their fellow officers brutally assaulting the Plaintiff, and then fabricating lies to conceal their conduct.

63. By reason thereof, the individual defendants have violated 42 U.S.C. §1983 and the 4th and 14th Amendments to the United States Constitution and caused Plaintiff to suffer emotional and physical injuries, mental anguish, incarceration and the deprivation of liberty, and the loss of his constitutional rights.

**SECOND CAUSE OF ACTION
FOR MUNICIPAL LIABILITY AND
FOR VIOLATION OF CIVIL RIGHTS
PURSUANT TO 42 U.S.C. SECTION 1983**

64. Plaintiff, repeats, reiterates, and realleges each and every allegation set forth above with the same force and effect as if fully set forth herein and at length.

65. The Defendants brutally assaulted and confined Plaintiff DARREN BROWN in solitary confinement, in the absence of any evidence of wrongdoing, notwithstanding their knowledge that said force and confinement to solitary confinement would jeopardize Plaintiff's liberty, well-being, safety, and violate his constitutional rights.

66. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials, with all of the actual and/or apparent authority attendant thereto.

67. The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers and officials pursuant to the customs, policies, usages, practices, procedures, and rules of THE CITY OF NEW YORK and the New York City Department of Corrections, all under the supervision of ranking officers of said department.

8

68. Those customs, policies, patterns, and practices include, but are not limited to:

   i.   requiring corrections officers to be unnecessarily punitive in the course of their duties and obligations;

   ii.  failing to take any measures to correct unconstitutional behavior when brought to the attention of supervisors and/or policy makers;

   iii. failing to properly train corrections officers in the requirements of the United States Constitution.

69. The aforesaid customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Department of Corrections directly cause, *inter alia*, the following unconstitutional practices:

   i.   using force against inmates regardless of an objectively reasonable basis;

   ii.  causing the prolonged solitary confinement of individuals confined to the New York City Department of Corrections in order to justify the impact of the Defendants' violent and overly punitive activity;

   iii. falsifying evidence and testimony to support those assaults and placements in solitary confinement;

   iv.  falsifying evidence and testimony to cover up corrections officers misconduct.

70. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Department of Corrections constitute a deliberate indifference to the safety, well-being and constitutional rights of plaintiff, DARREN BROWN.

71. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Department of Corrections were the direct and proximate cause of the constitutional violations suffered by plaintiff as alleged herein.

72. The foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Department of Corrections were the moving force behind the constitutional violations suffered by plaintiff as alleged herein.

73. As a result of the foregoing customs, policies, usages, practices, procedures and rules of THE CITY OF NEW YORK and the New York City Department of Corrections, plaintiff was searched and placed under arrest unlawfully.

74. Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating the constitutional rights of plaintiff.

75. Defendants, collectively and individually, while acting under color of state law, acquiesced in a pattern of unconstitutional conduct by subordinate corrections officers, and were directly responsible for the violation of plaintiff's constitutional rights.

76. All of the foregoing acts by defendants deprived plaintiff of federally protected constitutional rights, particularly their Fourth and Fourteenth Amendment rights to be free from force and unreasonable search and seizure.

**WHEREFORE**, the plaintiff respectfully requests judgment against defendants as follows:

i.      an order awarding compensatory damages in an amount to be determined at trial;

ii.     an order awarding punitive damages in an amount to be determined at trial;

iii.    reasonable attorneys' fees and costs under 42 U.S.C. §1988; and

iv.    directing such other and further relief as the Court may deem just and proper, together with attorneys' fees, interest, costs and disbursements of this action.

Dated: New York, New York
       August 11, 2016

                                  Respectfully submitted,

                                  **LAW OFFICES OF MICHAEL S.**
                                  **LAMONSOFF, PLLC**
                                  *Counsel for the Plaintiff*


                                        /S/
                          By:     JESSICA MASSIMI (JM-2920)
                                  32 Old Slip, 8th Floor
                                  New York, New York 10005
                                  (212) 962-1020

11